IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **CALVIN JONES,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**EFINANCIAL LLC,** a Washington limited liability company and **PARAISO RELIANT DIRECT INSURANCE SERVICES, INC.,** a California corporation,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Calvin Jones ("Jones" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant eFinancial LLC ("eFinancial" or "Defendant eFinancial") and Defendant Paraiso Reliant Direct Insurance Services, Inc. ("Reliant Direct" or "Defendant Reliant Direct") to stop both of the Defendants from violating the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers, including to

CLASS ACTION COMPLAINT, Page **1** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

consumers registered on the National Do Not Call registry ("DNC") and to other consumers that have specifically asked for the calls to stop, and to other obtain monetary relief for all persons injured by Defendants' conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. eFinancial provides life insurance coverage to consumers on behalf of top insurance companies such as AIG, Mutual of Omaha and Prudential.[1]

2. eFinancial solicits life insurance sales using its own agents and through external agents and agencies who function as eFinancial partners.

3. eFinancial provides its partners with a back-end system that provides insurance quotes from eFinancial-affiliated companies, underwriting services, application reviews, tracking of the medical exam process, confirmation that policies have been issued, and general customer support for consumers the partners sell insurance plans to.[2]

4. eFinancial partners sell life insurance directly on behalf of eFinancial.

5. Reliant Direct is an eFinancial partner.

6. In order to solicit business from new consumers, Reliant Direct engages in unsolicited telemarketing using an autodialer, including calls to consumers that have their phone numbers registered with the DNC.

7. eFinancial benefits directly from the illegal practices employed by partners such as Reliant Direct. It profits from every sale and turns a blind-eye to the sales methods used by Reliant Direct.

---

[1] https://efinancial.com
[2] https://www.efinancial.com/eindependent/case-management/

CLASS ACTION COMPLAINT, Page **2** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

8. In Plaintiff's case, Reliant Direct made 8 unsolicited, autodialed calls to his cellular phone, despite Plaintiff having his phone number registered with the DNC to prevent such calls and despite Plaintiff's multiple requests for the calls to stop.

9. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Reliant Direct to cease placing unsolicited calls on behalf of eFinancial to consumers' cellular telephone numbers using an automatic telephone dialing system without consent and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

10. Plaintiff Jones is a Cadwell, Georgia resident.

11. Defendant eFinancial is a Washington limited liability company headquartered in Bellevue, Washington. eFinancial conducts business throughout this District, the State of Washington, and throughout the United States.

12. Defendant Reliant Direct is a California corporation headquartered in La Mesa, California. Defendant conducts business throughout this District, the State of Washington, and throughout the United States.

## JURISDICTION AND VENUE

13. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

14. This Court has personal jurisdiction over both Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant eFinancial resides in this District, and because Defendant eFinancial controlled, authorized, and/or ratified Reliant Direct's calls from this District.

CLASS ACTION COMPLAINT, Page **3** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

# COMMON ALLEGATIONS

**Reliant Direct Markets Life Insurance Plans Exclusively on Behalf of Defendant eFinancial**

15. When placing calls to consumers, Reliant Direct agents identify themselves either as Reliant Direct, an eFinancial partner, or directly as eFinancial.

16. When Plaintiff answered a call, or called Reliant Direct, he was told that he was dealing with eFinancial.

17. According to the Utah Insurance Department, John Paraiso, the owner of Reliant Direct is an agency affiliate of Defendant eFinancial:

| Agency Affiliations | City | State | License Number | Active Date | Status |
|---|---|---|---|---|---|
| EFINANCIAL LLC | BELLEVUE | WA | 104501 | Dec 05, 2018 | Active |

[3]

The California Department of Insurance also shows that Paraiso has an agency affiliation with eFinancial:

Agencies or Organizations
This licensee is authorized to transact on behalf of the following:
EFINANCIAL, LLC                                             For: Accident and Health   Effective: 12/06/2018
EFINANCIAL, LLC                                             For: Life-Only             Effective: 12/06/2018 [4]

18. As the California Department of Insurance shows in the image above, Paraiso is authorized to transact business only on behalf of eFinancial.

**eFinancial Directs, Authorizes, and/or Ratifies the Unlawful
Telemarketing Conduct Reliant Direct Engages in to Solicit New Business**

19. eFinancial receives payment for each life insurance plan Reliant Direct sells.

20. Reliant Direct sells life insurance plans on behalf of eFinancial.

---

[3] https://secure.utah.gov/agent-search/agentDetails.html?agent=2Jp3VxJdBw

[4] https://interactive.web.insurance.ca.gov/webuser/lic_sts_utl.get_lic_details?P_IL_LIC_NBR=0F54863

CLASS ACTION COMPLAINT, Page **4** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

21. eFinancial provides direct customer support to the consumers that agencies such as Reliant Direct solicit plans to and also handles a lot of the back-office support on behalf of agencies like Reliant Direct:

**Why It Matters**

Running an independent brokerage is better with the backing of eFinancial's personalized case management and service. With an average of five years industry experience, our dedicated representatives partner with you and your customers every step of the way. With eFinancial on your side and behind the scenes, you can help make your customers' lives better.

**A More Efficient Process**

You can spend time growing your business while our experienced concierge case management team moves cases through the underwriting process. We take care of reviewing applications, tracking the medical exam process, confirming policies are issued, and everything in-between.

**A More Effective System**

Our back-office support and experienced product specialists get the job done seamlessly. You also benefit from our monthly carrier audits, extensive training resources, and educational materials. We're always available to offer support or answer questions.

Ready to offer your customers eFinancial's top-tier customer support?[5]

22. eFinancial maintains a close relationship with all of its partner companies, such as Reliant Direct.

23. eFinancial is directly involved in the content development for partner websites and customer/prospect communications.

24. For example, in a job posting eFinancial posted for a Marketing Partnership Manager, the job description states:

**Content and Communications**
- Collaborate with external agencies, colleagues, and business partners to manage content development for partner websites, blog posts, and customer/prospect communications
- Manage review and approval of partner-related creative materials to ensure quality, legal, and brand standards are met
- Work with marketing automation experts to enhance smart campaigns to increase customer engagement and conversion[6]

---

[5] https://efinancial.com/eindependent/case-management/
[6] https://www.linkedin.com/jobs/view/marketing-partnership-manager-at-efinancial-1349797980/

CLASS ACTION COMPLAINT, Page **5** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

25.     Considering the close relationship eFinancial maintains with its partners, eFinancial should be aware of the telemarketing practices Reliant Direct uses to solicit sales from consumers.

26.     In fact, eFinancial itself provides its agents with an autodialer.

27.     There are numerous references online regarding eFinancial's use of an autodialer, including complaints from former employees:

> May 22, 2019                                                                 Helpful (1)
>
> **"Good place"**
> ★★★★☆   Former Employee - Senior Account Executive in Chicago, IL
>
> ■ Recommends       ■ Positive Outlook       ■ Approves of CEO
>
> I worked at eFinancial full-time for more than a year
>
> **Pros**
> Great opportunity to advance your career Uncapped commissions Great benefits Great culture Great employees
>
> **Cons**
> Challenging for people not well equipped to only work on a dialer. [7]

28.     eFinancial is open about its use of autodialers, and even posted a job on Linkedin for a Workforce Optimization Manager (predictive dialer management / sales environment):

> **Workforce Optimization Manager (predictive dialer management / sales environment)**
> eFinancial • Greater Chicago Area
> ⊗ This job is no longer accepting applications
>
> The Workforce Optimization Manager is an individual contributor and leader who is responsible for successfully managing our predictive dialer initiatives, workforce and lead management. The key to success in this opportunity is the ability to effectively manage short and long term business strategies, while proactively partnering with business stakeholders, to solve business problems and provide concise real time updates. This includes managing through our rapidly changing sales contact center environment, automating processes, creating useful data driven insights, and pioneering long term, companywide strategic objectives.
>
> **Contact the job poster**
> Eric Feizulov
> Voted Selling Power 2018 Top Greater Chicago Area [8]

---

[7] https://www.glassdoor.com/Reviews/eFinancial-Account-Executive-Reviews-EI_IE324485.0,10_KO11,28.htm

CLASS ACTION COMPLAINT, Page **6** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

29. Upon information and belief, eFinancial provides its partners with access to an autodialer when providing access to its quote-based system.

30. By providing Reliant Direct with an autodialer, eFinancial is directing, authorizing, and/or ratifying Reliant Direct's use of an autodialer on eFinancial's behalf.

31. In order to ensure that Reliant Direct is soliciting leads according to legal and brand standards, as per the job description for the Marketing Partnership Manager, eFinancial should ensure that its partners maintain a sufficient, functional opt-out system so that consumers can easily opt-out of receiving additional solicitation calls.

32. By supporting and benefiting from the unlawful sales activity Reliant Direct uses to solicit sales, eFinancial is responsible for, and ratifies Reliant Direct's unlawful behavior.

33. In fact, the Federal Communication Commission has provided instruction stating that sellers such as eFinancial may not avoid liability by having their telemarketing outsourced:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activies to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC notes, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declatory Ruling Concerning the TCPA Rules, 28 FCC Rcd. 6574, at ¶ 37 (201) ("FCC 2013 Ruling") (citations omitted)*

**Reliant Direct Markets eFinancial's Services by Making Autodialed Calls to Consumers' Cellular Phone Numbers Without Consent and Regardless of Whether They Are**

---

[8] https://www.linkedin.com/jobs/view/workforce-optimization-manager-predictive-dialer-management-sales-environment-at-efinancial-224678455/

CLASS ACTION COMPLAINT, Page **7** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

**Registered on the National Do Not Call Registry**

34. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

35. Yet in violation of this rule, eFinancial through Reliant Direct routinely fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

36. In placing the calls that form the basis of this Complaint, Defendant Reliant Direct utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

**PLAINTIFF JONES'S ALLEGATIONS**

**Reliant Direct Agents Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering His Phone Number on the DNC**

37. On July 28, 2018, Plaintiff registered his cellular telephone number on the DNC in order to avoid receiving unwanted calls.

38. On July 10, 2019 at 9:27 AM, Plaintiff received a call on his cell phone from

CLASS ACTION COMPLAINT, Page **8** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

Defendant Reliant Direct using phone number 478-298-7483. Plaintiff was not able to answer this call, but he called 478-298-7483 back 1 minute later at 9:28 AM. Plaintiff spoke with an agent who identified himself as being with eFinancial. Plaintiff told the agent that he already has life insurance and asked to be put on a do not call list. The agent confirmed that Reliant Direct would not call again.

39.   Despite a clear opt-out request, Plaintiff received a second autodialed call on July 10, 2019 at 12:36 PM from Defendant Reliant Direct using phone number 478-298-7483. Plaintiff answered and then hung up the phone in frustration, as he did not want to be bothered by Reliant Direct.

40.   Reliant Direct placed another call to Plaintiff's cell phone on July 10, 2019 at 4:35 PM using phone number 478-298-7483. Plaintiff heard the ring but did not answer this call.

41.   On July 15, 2019 at 11:37 AM, Reliant Direct called Plaintiff's cell phone using phone number 478-298-7483. Plaintiff heard the ring but did not answer this call.

42.   On July 15, 2019 at 2:45 PM, Reliant Direct called Plaintiff's cell phone using phone number 478-298-7483. Plaintiff was unable to answer this call, but he called Reliant Direct back using phone number 478-298-7483 at 2:46 PM. Again, the agent said they were with eFinancial, and Plaintiff made it clear he was not interested in getting an insurance quote and asked to be put on Reliant Direct's do not call list. Plaintiff was assured he would not be called again.

43.   Despite yet another clear opt-out request, Reliant Direct called Plaintiff's cell phone using phone number 478-298-7483 on July 15, 2019 at 5:32 PM. Plaintiff answered this call and hung up immediately in frustration, but he called back at 5:32 PM and made yet another request for the calls to stop and to be put on Reliant Direct's do not call list. Again, Plaintiff was assured he would not be called again.

**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

44. On July 18, 2019 at 11:31 AM, Plaintiff received yet another unwanted solicitation call from Reliant Direct on his cell phone. Plaintiff was unable to answer this call, but he called Reliant Direct back at 11:31 AM and again asked to be put on Reliant Direct's do not call list. The agent confirmed that the calls would stop.

45. On July 18, 2019 at 2:08 PM, Plaintiff received an autodialed call from Defendant Reliant Direct using phone number 478-298-7483. Plaintiff answered this call. The agent made reference to eFinancial again, as Plaintiff was told in previous calls. Plaintiff asked the agent to add him to their do not call list and the agent confirmed this would be done.

46. Plaintiff believes Reliant Direct called him using an autodialer due to the numerous calls he received, despite asking repeatedly for the calls to stop, and based on the known fact that Reliant Direct and eFinancial do use autodial systems.

47. Plaintiff does not have a relationship with Reliant Direct, eFinancial, or any of eFinancial's affiliated companies, nor has he ever requested that Reliant Direct call him or consented to any contact from either Defendant.

48. Simply put, Reliant Direct did not obtain Plaintiff's prior express written consent to place solicitation telephone calls to him on his cellular telephone number using an autodialer.

49. The unauthorized telephone calls made by Reliant Direct, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Jones's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

50. Seeking redress for these injuries, Jones, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

CLASS ACTION COMPLAINT, Page **10** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims**

51.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following four Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant Reliant Direct called on behalf of eFinancial, (2) on the person's cellular telephone number, (3) using the same dialing equipment used to call Plaintiff and (4) for whom either Defendant claims (a) it obtained prior express written consent in the same manner as either Defendant claims it obtained prior express written consent to call Plaintiff, or (b) the Defendants did not obtain prior express written consent.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant Reliant Direct called on behalf of eFinancial, (2) on the person's residential telephone number, (3) two or more times during any twelve month period, and (4) for whom either Defendant claims (a) it obtained prior express written consent in the same manner as either Defendant claims it obtained prior express written consent to call Plaintiff, or (b) the Defendants did not obtain prior express written consent.

> **Internal Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant Reliant Direct called on behalf of eFinancial, (2) on the person's residential telephone number, (3) two or more times during any twelve month period.

52.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against either Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions

CLASS ACTION COMPLAINT, Page **11** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

1  following appropriate discovery.

2   53.   **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

4   54.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Reliant Direct used an automatic telephone dialing system to make its calls to Plaintiff and other consumers;

   (b) whether Reliant Direct systematically made multiple telephone calls to Plaintiff other and consumers whose telephone numbers were registered with the DNC;

   (c) whether Reliant Direct implemental adequate policies and procedures for maintaining an internal do not call list prior to its calls to Plaintiff and other consumers;

   (d) whether Reliant Direct made calls to Plaintiff and other consumers without first obtaining prior express written consent to make the calls;

   (e) whether Reliant Direct's conduct constitutes a violation of the TCPA;

   (f) whether eFinancial is vicariously liable for Reliant Direct's conduct; and

   (g) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

19   55.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

CLASS ACTION COMPLAINT, Page **12** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

56. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Autodialed No Consent Class)**

57. Plaintiff repeats and realleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

58. Reliant Direct and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer on behalf of eFinancial.

59. These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

CLASS ACTION COMPLAINT, Page **13** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

60. Reliant Direct and eFinancial have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

61. In the event that the Court determines that Defendants' conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## SECOND CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Do Not Call Registry Class)**

62. Plaintiff repeats and realleges the paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

63. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[9]

65. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone

---

[9] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

CLASS ACTION COMPLAINT, Page **14** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

1  solicitations to which they object.  47 U.S.C. § 227(c).

2  66. Defendant Reliant Direct violated 47 C.F.R. § 64.1200(c) on behalf of Defendant

3  eFianncial by initiating, or causing to be initiated, telephone solicitations to telephone

4  subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their

5  respective telephone numbers on the National Do Not Call Registry, a listing of persons who do

6  not wish to receive telephone solicitations that is maintained by the federal government.

7  67. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call

8  Registry Class received more than one telephone call in a 12-month period made by or on behalf

9  of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants'

10  conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages

11  and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages

12  for such violations of 47 C.F.R. § 64.1200.

13  68. To the extent Defendants' misconduct is determined to be willful and knowing,

14  the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages

15  recoverable by the members of the Do Not Call Registry Class.

### THIRD CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Internal Do Not Call Class)**

19  69. Plaintiff Jones repeats and realleges paragraphs 1 through 56 of this Complaint

20  and incorporates them by reference herein.

21  70. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for

22  telemarketing purposes to a residential telephone subscriber unless such person or entity has

23  instituted procedures for maintaining a list of persons who request not to receive telemarketing

24  calls made by or on behalf of that person or entity. The procedures instituted must meet the

CLASS ACTION COMPLAINT, Page **15** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

71. Defendant Reliant Direct or its agent made marketing calls to Plaintiff and members of the Internal Do Not Call Class on behalf of Defendant eFinancial without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow either Defendant to initiate telemarketing calls.

72. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

73. Defendants have, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendants' conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendants' actions violated the TCPA;

d) An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

CLASS ACTION COMPLAINT, Page **17** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**CALVIN JONES**, individually and on behalf of those similarly situated individuals

Dated: October 8, 2019

*s/ Eric R. Draluck*
Eric R. Draluck, WSBA # 19881
Attorney at Law
PO Box 11647
Bainbridge Island, WA 98110
Telephone: (206) 605-1424
edraluck@gmail.com

Avi R. Kaufman*
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
kaufman@kaufmanpa.com
*Pro Hac Vice motion forthcoming

*Attorneys for Plaintiff and the putative Classes*

CLASS ACTION COMPLAINT, Page **18** of **18**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424